UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN PACK, Jr.,<br><br>    Plaintiff,<br><br>    v.<br><br>JOE LIZARRAGA, et al.,<br><br>    Defendants. | No. 2:19-cv-0300-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After dismissal of the original complaint pursuant to 28 U.S.C. § 1915A (ECF No. 7), plaintiff filed a first amended complaint (ECF No. 10), which the court must now screen.

Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

/////

1

The court analyzed plaintiff's original complaint pursuant to § 1915A as follows:

> According to the complaint, the defendants misapplied a prison regulation and "locked" plaintiff out of his job without pay for fourteen months because of a non-work-related rules violation report. ECF No. 1. He also claims defendants improperly reviewed plaintiff's administrative appeals challenging their actions. He asserts Fourteenth Amendment due process and equal protection claims. *Id.* As discussed below, plaintiff's claims cannot survive screening.
>
> To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). Plaintiff fails to state a due process claim because he has no constitutional right to a job in prison. *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982). Moreover, he does not have a property or liberty interest in a prison job that is protected by the Due Process Clause. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997). Further, the violation of CDCR policies does not, by itself, constitute an unconstitutional deprivation of liberty. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991) (though "some administrative actions will inevitably make prisoners feel cheated; nevertheless, this does not give them a federal cause of action").
>
> Plaintiff's complaint regarding the review of his administrative appeals also fails to state a claim. Inmates have no standalone rights with respect to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Williams v. Cate*, No. 1:09-cv-00468-0WW-YNP PC, 2009 U.S. Dist. LEXIS 107920, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").
>
> There is also no basis for an equal protection claim. Plaintiff does not allege that any defendant acted with an intent or purpose to discriminate against him because of his membership in a protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

ECF No. 7 at 3. In the amended complaint, plaintiff repackages his allegations as purported Eighth Amendment violations. *See generally* ECF No. 10. A prison job, however, is not a basic human need and the loss thereof does not give rise to an Eighth Amendment violation. *See Barno v. Ryan*, 399 F. App'x 272, 273 (9th Cir. 2010) (unpublished opinion) (potential loss of prison job caused by erroneous sex offender classification does not give rise to Eighth Amendment claim);

/////

| | |
|---|---|
| 1 | *Cox v. Pacholke*, No. C12-5421 BHS/KLS, 2012 U.S. Dist. LEXIS 165914, at *9-10 (W.D. |
| 2 | Wash. Oct. 9, 2012) (finding that "[t]here is no constitutional right to receive and retain a |
| 3 | particular prison job assignment" so termination from employment does not violate the Eighth |
| 4 | Amendment). Because the loss of plaintiff's prison job does not violate any federal constitutional |
| 5 | right, plaintiff's amended complaint must be dismissed. Despite notice of the complaint's |
| 6 | deficiencies and an opportunity to amend, plaintiff is unable to state a cognizable claim for relief |
| 7 | and this action should be dismissed without further leave to amend. *Plumeau v. School Dist. #* |
| 8 | *40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further |
| 9 | amendment would be futile). |

Accordingly, it is RECOMMENDED that plaintiff's amended complaint (ECF No. 10) be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 18, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE